IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK,NA | ) CIVIL ACTION FILE |
| | ) NO. 1:10-cv-1459 |
| Plaintiff, | ) |
| | ) |
| vs. | ) REMOVED FROM DEKALB COUNTY |
| | ) |
| GWENDYOLYN RANSBY and/ or ALL | ) STATE COURT CASE NO. |
| | ) 10D43157 |
| Defendants. | ) |
| | ) |

**BRIEF IN SUPPORT OF EMERGENCY MOTION TO REMAND**

COMES NOW JP Morgan Chase Bank, NA. ("JP MORGAN"), Plaintiff in the above-styled civil action, and files it's Brief in Support of Emergency Motion for Remand and shows this honorable Court in support thereof as follows:

I.  STATEMENT OF FACTS

On or about January 5,2010 JP Morgan foreclosed on real property commonly known as 5289 Sandy Lake East, Lithonia, Georgia 30038 (the "Property"). On February 23, 2010, after Gwendolyn Ransby and /or all others failed and/or refused to vacate the Property after demand, JP Morgan filed a dispossessory action in State Court of DeKalb County against Gwendolyn Ransby and /or all others as a tenant at sufferance following foreclosure, copy of Complaint attached as Exhibit "A". On March 04, 2010 the Marshal's Office served a copy of the Summons and Complaint on Gwendolyn Ransby and / or all others. On March 11, 2010, Gwendolyn Ransby filed an Answer. On May 13, 3020, Judgment was entered in favor of Plaintiff. On or about May 17, 2007, Gwendolyn Ransby filed a Notice of Removal and Federal Stay (the "Removal") to remove the above captioned state action to the

United States District Court for the Northern District of Georgia, Atlanta Division. See Record.

II. ARGUMENT AND CITATION TO AUTHORITY.

    A. There is No Basis for Federal Jurisdiction; therefore, this Action Must be Remanded back to the Superior Court of DeKalb County, Georgia.

An action of which the United States Court could have original jurisdiction may in general be removed to the District Court by the defendant. 28 U.S.C.S. §1441. However, in the context of a federal cause of action, jurisdiction is determined by reference to the well-pleaded complaint rule. Catepillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). This rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. Catepillar, 482 U.S. at 392-392. As the plaintiff is the master of the claim, he may, by relying exclusively on state law, preclude federal jurisdiction even where a defendant may raise a federal defense to the plaintiff's state claim. Catepillar, 482 U.S. at 392-392.

The intent of Congress in passing the removal statutes was to restrict federal court jurisdiction. Healy v. Ratta, 292 U.S. 263, 270, 54 S. Ct. 700, 703 (1934). Moreover, as a result of significant federalism concerns, the removal statutes must be strictly construed and any doubts or ambiguities are to be decided in favor of remand. Healy, 292 U.S. 263 at 270.

Ms. Ransby cannot remove the State Court case to this Honorable Court because Plaintiff merely seeks possession of the

subject property and relied exclusively on state law in filing its complaint in the State Court of DeKalb County. Moreover, complying with the intent of Congress due to its federalism concerns, the removal statute must be strictly construed and any doubts should be remanded back to state court.

B.  The Notice of Removal is untimely.

Pursuant to the provisions of 28 U.S.C. § 1446(b), a Defendant has thirty days after receipt of the complaint to file a notice of removal. Holder v. City of Atlanta, 925 F.Supp. 783 (1996). Gwendolyn Ransby and /or all others were served with the Magistrate Court Case on February 26, 2010. Ms. Ransby removed the case on May 17, 2010. Therefore, it has been more than thirty (30) days since she was served and her notice of removal is untimely. This Court must remand the case to the State Court of DeKalb County.

III. CONCLUSION.

Gwendolyn Ransby and /or all others may not remove the above-referenced civil matter to federal court because there is no basis for federal jurisdiction and the notice of removal was untimely filed. JP Morgan therefore respectfully requests that this

honorable Court remand this action back to the State Court of DeKalb County, Georgia.

Respectfully submitted this 7th day of July, 2010.

JOHNSON & FREEDMAN, LLC

By: /s/ Kyle S. Kotake
Kyle S. Kotake
Georgia Bar No. 428697
Attorneys for JP Morgan

1587 Northeast Expressway
Atlanta, Georgia  30329
(678) 298-8863
kskotake@jflegal.com
11728608/A6963144

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF EMERGENCY MOTION TO REMAND** was served upon the following by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to insure delivery, addressed as follows:

Gwendolyn Ransby
And / Or All Others
5289 Sandy Lake East
Lithonia, GA 30038

This 7th day of July, 2010.

/s/ Kyle S. Kotake
Kyle S. Kotake
Attorney for JP Morgan

JOHNSON & FREEDMAN, L.L.C.
1587 Northeast Expressway
Atlanta, Georgia 30329
(678) 298-8863
kskotake@jflegal.com