IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



| | |
|---|---|
| JP MORGAN CHASE BANK, NA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:10-cv-1459-TCB |
| GWENDOLYN RANSBY and ) | |
| EMANUEL CLARK, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff JP Morgan Chase Bank, NA's motion to remand the case to the State Court of DeKalb County, Georgia [2].

### I. Background

On or about January 5, 2010, JP Morgan foreclosed on property located at 5289 Sandy Lake East, Lithonia, Georgia 30038. On February 23, 2010, when Defendant Gwendolyn Ransby failed or refused to vacate the property after demand, JP Morgan filed a dispossessory action in the State Court of DeKalb County against Ransby and all others as tenants at sufferance following foreclosure. On March 11, 2010, Ransby filed an

answer. On May 13, 2010, judgment was entered in favor of JP Morgan. On May 17, 2010, Emanuel Clark[1] filed a notice of removal to remove the state action to this Court.

## II. Discussion

Pursuant to 28 U.S.C. § 1441, a civil action originally filed in a state court may be removed to federal district court if the district court has original subject matter jurisdiction over the case. 28 U.S.C. § 1441. A party cannot remove the civil action at any time, though. The party seeking removal must file its notice of removal of a civil action or proceeding within thirty days after receiving a copy of the initial pleading or service of summons upon the party. 28 U.S.C. § 1446(b). Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. § 1447(c).

As an initial matter, Clark did not file his notice of removal in a timely manner. "[A]n untimely removal notice does not require remand without any possibility for retention by the federal court, but . . . absent waiver of the timeliness objection, the district court, in most cases, should remand an action that is removed improperly." *Holder v. City of Atlanta*, 925 F. Supp.

---

[1] It is unclear how Clark is a part of the state action and why he, not Ransby, filed the notice of removal.

2

783, 785 (N.D. Ga. 1996). JP Morgan has not waived the timeliness issue, which supports its conclusion that this case should be remanded.

In addition to timely filing a notice of removal, the party seeking removal must also establish federal subject matter jurisdiction. *See, e.g., Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Buice v. Buford Broad., Inc.*, 553 F. Supp. 388, 390 (N.D. Ga. 1983). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Corp.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Clark attempts to establish subject matter jurisdiction by demonstrating that this case presents a federal question. *See* 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The federal question must form an essential element of the plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30 (1932).

In order for removal to be proper, one or more of JP Morgan's claims in state court must have arisen under federal law. JP Morgan's pleading—a dispossessory warrant—asserts rights only under Georgia state law. Thus, it is clear under the well-pleaded complaint rule that JP Morgan's complaint fails to assert any federal cause of action.

Clark's notice of removal asserts that Georgia law regarding dispossessory proceedings violates the due process clause of the fourteenth amendment of the U.S. Constitution. JP Morgan contends that these allegations are best characterized as a defense to the dispossessory

4

proceeding, and the Court agrees. Further, it is well established that defenses arising under federal law are insufficient to establish subject matter jurisdiction for removal purposes. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) ("A defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."). Because all of Clark's allegations in his notice of removal are construed as defenses, he has failed to carry his burden of showing that federal subject matter jurisdiction is proper under 28 U.S.C. § 1331. Consequently, removal is improper.

### III. Conclusion

For the foregoing reasons, the Court GRANTS JP Morgan's motion to remand [2]. The Clerk is DIRECTED to remand the case to the State Court of DeKalb County, Georgia, where it was originally filed, and to close this case.

IT IS SO ORDERED this 8th day of July, 2010.

Timothy C. Batten, Sr.
United States District Judge